IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WES ALLEN, ) | |
| Alabama Secretary of State, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:24-cv-300-RAH-CWB |
| ) | |
| SAUL DOUGLAS SMITH and ) | |
| THE PRINCIPAL CAMPAIGN ) | |
| COMMITTEE OF ) | |
| SAUL DOUGLAS SMITH, ) | |
| ) | |
| **Defendants.** ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the court is a motion to remand (Doc. 8) filed by Wes Allen in his capacity as Secretary of State for the State of Alabama. For the reasons set out below, the Magistrate Judge recommends that this action be remanded to the Circuit Court of Montgomery County, Alabama.

**I.   Procedural History**

The underlying proceedings were initiated in the Small Claims Division of the District Court of Montgomery County, Alabama to collect a $281.00 penalty that was assessed against Saul Douglas Smith and the Principal Campaign Committee of Saul Douglas Smith for failure to timely file certain reports as required under the Alabama Fair Campaign Practices Act, Ala. Code § 17-5-1 *et seq*. (*See* Doc. 1-2). After a judgment was entered to enforce the penalty, appeal was taken to the Circuit Court of Montgomery County, Alabama. (*See* Doc. 1-4; *see also* Doc. 8 at pp. 21-22). Proceedings then were removed to this court on May 20, 2024. (*See* Doc. 1).

1

On June 12, 2024, Secretary of State Allen filed a motion to have proceedings remanded to the Circuit Court of Montgomery County, Alabama. (*See* Doc. 8). According to Allen, this court lacks subject matter jurisdiction because (1) there is no specific statutory grant of jurisdiction authorizing removal of the underlying proceedings, (2) there is no federal question jurisdiction under 28 U.S.C. § 1331, and (3) there is neither a complete diversity of citizenship nor a sufficient amount in controversy so as to trigger jurisdiction under 28 U.S.C. § 1332(a). (*See id*. at p. 3). Allen further asserts that removal was untimely and therefore procedurally defective under 28 U.S.C. § 1446(b). (*See id*. at pp. 3-4).

By Order dated June 13, 2024, Saul Douglas Smith and the Principal Campaign Committee of Saul Douglas Smith were directed to show cause why proceedings should not be remanded and specifically were instructed to "address [the] arguments that subject matter jurisdiction is lacking in this court and that removal to this court was untimely." (*See* Doc. 9). Two responses now have been submitted for consideration (*see* Docs. 14 & 15), but nothing provided therein is sufficient to establish the presence of subject matter jurisdiction.

## II.   Removal Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a federal court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With respect to civil actions filed initially in state court, removal to federal court is authorized only in circumstances where a district court would have had "original jurisdiction." *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). And it falls upon the removing party to establish that such jurisdiction exists. *See*, *e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any doubts over jurisdiction should be resolved in favor of remanding to state court. *See Burns v. Windsor Ins. C*o., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Stated differently, a plaintiff's right to choose the forum and a defendant's corresponding right to remove "are not on equal footing." *Id*.

### III. Discussion

#### A. Federal Question Jurisdiction

The removed proceedings are identified in the notice of removal as Montgomery County, Alabama Circuit Court Case Number CV-2023-000402.00. (*See* Doc. 1). Although the notice of

removal references the plaintiff as "Teachers' Retirement System of Alabama, Employees' Retirement System of Alabama," the accompanying state court record pertains to the civil action filed by Secretary of State Allen in Montgomery County, Alabama District Court Case Number SM-2023-901617.00.  (*See* Docs. 1-1 to 1-4; *see also* Doc. 8 at pp. 19-22).  Those proceedings were subsequently assigned Case Number CV-2023-000402.00 when removed to the Circuit Court of Montgomery County, Alabama.  (*See* Doc. 1-5; *see also* Doc. 8 at pp. 12-17).[1]

The notice of removal asserts that this dispute "involves multiple federal questions of violation of Free Speech, Right to Run for Office, etc." (*See* Doc. 1).  Regardless of whether the core nucleus of events might evoke federal issues as referenced in the notice of removal and other supporting submissions (*see* Docs. 14 & 15), subject matter jurisdiction must be evaluated "on the well-pleaded complaint alone." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008).  On its face, the Complaint filed in SM-2023-901617.00 asserts only a claim for $281.00 under the Alabama Fair Campaign Practices Act.  (*See* Doc. 1-2 at pp. 1-5).  Nothing in the Complaint purports to involve any federal issue, nor has the court's independent review uncovered any issue raised by the Complaint that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.  Accordingly, there is no basis for the court to predicate removal jurisdiction upon a federal question.

---

[1] It appears that a separate action is pending between Saul Douglas Smith in some capacity and "Teachers' Retirement System of Alabama, Employees' Retirement System of Alabama," and it is insinuated that those proceedings were consolidated with the removed civil action now at issue.  (*See* Doc. 17-1).  However, there is nothing in the record to suggest that consolidation occurred prior to removal.  (*See* Doc. 8 at pp. 14-22).  The court takes judicial notice that the other action is pending as Montgomery County Circuit Court Case Number CV-2024-900644 and seeks to resolve ownership of certain real property.  The court further will take judicial notice that the court in Montgomery County Circuit Court Case Number CV-2024-900644 entered an Order on August 14, 2024 recognizing that <u>only</u> Case Number CV-2023-000402 had been removed and that "the parties and claims in this case are separate and distinct from those in the *Wes Allen c*ase."

### B. Diversity Jurisdiction

The notice of removal contains no reference to this action involving claims between "citizens of different States" as required by 28 U.S.C. § 1332(a). (*See* Doc. 1). The record instead would appear to belie any such potentiality. Without a complete diversity of citizenship, jurisdiction could not be established under § 1332(a). *See Hood v. Veazey*, No. 2:20-cv-712-ECM, 2021 WL 3713048, *1 (M.D. Ala. Aug. 20, 2021) ("Jurisdiction under § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. … Plaintiffs' complaint alleges that one plaintiff and the defendants are citizens of the State of Alabama; therefore, there is not complete diversity and thus, no basis for diversity jurisdiction under 28 U.S.C. § 1332.") (citing *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005)).

Without having to unravel the citizenship issue, however, the question of jurisdiction can be resolved on grounds that the record conclusively demonstrates an absence of the necessary amount in controversy. *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A case does not become removable until both conditions are present."). Here, the amount sought in the state court action was specifically enumerated as $281.00. (*See* Doc. 1-2 at pp. 1-4). That is the principal sum ultimately awarded by the Montgomery County District Court and from which appeal was taken to the Montgomery County Circuit Court. (*See* Doc. 8 at pp. 8-25). This court therefore cannot predicate removal jurisdiction upon § 1332(a). *See Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, at *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy."); *see also Beasley v. Gumprecht*, No. 2:17-cv-563-TFM, 2017 WL 6568948, *3 (M.D. Ala. Dec. 12, 2017) ("[T]he amount in controversy is determined solely by referring to the

5

plaintiff's complaint … .") (citing *Conference Am., Inc. v. Q.E.D. Int'l, Inc*., 50 F. Supp. 2d 1239, 1242 (M.D. Ala. 1999)).

### III.     Conclusion

For the reasons stated above, it is the **RECOMMENDATION** of the Magistrate Judge that the pending motion to remand (Doc. 8) be **GRANTED** such that this action is remanded to the Circuit Court of Montgomery County, Alabama but **DENIED** to the extent it seeks an award of costs and expenses (*see id*. at p. 4).  Moreover, because subject matter jurisdiction is lacking, the Magistrate Judge additionally **RECOMMENDS** that all pending motions filed in this court (Docs. 2 & 13) be **DENIED AS MOOT**.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **October 21, 2024**.  An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 7th day of October 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**