IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WES ALLEN, | ) |
| Alabama Secretary of State, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00300-RAH |
| | ) |
| SAUL DOUGLAS SMITH and | ) |
| THE PRINCIPAL CAMPAIGN | ) |
| COMMITTEE OF SAUL | ) |
| DOUGLAS SMITH, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

On October 7, 2024, the Magistrate Judge recommended that the Plaintiff's *Motion to Remand* (doc. 8) "be [granted] such that this action is remanded to the Circuit Court of Montgomery County, Alabama but [denied] to the extent it seeks an award of costs and expenses." (Doc. 18 at 6.) The Magistrate Judge further recommended "that all pending motions filed in this court . . . be [denied as moot]" because of a lack of subject matter jurisdiction. (*Id.*) On October 18, 2024, the Defendants filed a *Response to Recommendation of the Magistrate* (doc. 23), which the Court construes as Objections to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1).

The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Defendants[1] object to the Magistrate Judge's determination that the Plaintiff's *Motion to Remand* be granted. (Doc. 23 at 1.) The Defendants argue that they intend to file an Amended Complaint[2] where they will seek a response to interrogatories. (*Id.* at 2.) They also argue that their claims include federal questions and damages exceeding $75,000. (*Id.*) The Court notes, however, that the

---

[1] While the *Response to Recommendation of the Magistrate* only references Defendant Saul Douglas Smith, given that this case involves a suit between the Plaintiff Wes Allen and the Defendants, Saul Douglas Smith and the Principal Campaign Committee of Saul Douglas Smith, the Court will use "the Defendants."

[2] The Defendants also aver that they intend to file an Amended Complaint that will assert federal question jurisdiction, (doc. 23 at 2), which the Court interprets as an intent to file a counterclaim. However, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim." *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 833–34 (2002)).

Defendants' *Notice of Removal* only contains the following language related to jurisdiction: "[t]he case has claims that far exceed the 75,000 jurisdictional threshold and involves multiple federal questions of violation of Free Speech, Right to Run for Office, etc." (Doc. 1. at 1.)  As the Magistrate Judge correctly determined, "subject matter jurisdiction must be evaluated 'on the well-pleaded complaint alone.'" (Doc. 18 at 4) (quoting *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008); *see also Selensky v. Whiddon*, 376 F. App'x 887, 888 (11th Cir. 2010) (stating that "[a] plaintiff must affirmatively set forth the basis for the court's subject-matter jurisdiction in her complaint") (citations omitted).  The state court complaint does not mention a federal question and requests "$281.00 for nonpayment of civil penalties imposed along with all applicable fees and costs as provided by law," (doc. 1-2 at 5), far below the in excess of $75,000 threshold required for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  Consequently, this Court agrees with the Magistrate Judge that it lacks subject matter jurisdiction.

Accordingly, upon an independent review of the record, it is

**ORDERED** as follows:

1. The Defendants' Objections (doc. 23) are **OVERRULED**.
2. The Recommendation is **ADOPTED**.

3. The Plaintiff's *Motion to Remand* (doc. 8) is **GRANTED** in part, only to the extent it seeks remand of this matter to the Circuit Court of Montgomery County, Alabama and **DENIED** in all other respects.

4. This case is **REMANDED** to the Circuit Court of Montgomery County, Alabama.

5. The Clerk of Court is **DIRECTED** to take all steps necessary to effectuate the remand.

DONE, on this the 30th day of October 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE